10-5183-ag
Ramos-Orellana v. Holder

BIA
Straus, IJ
A070 953 368

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24ᵗʰ day of April, two thousand twelve.

PRESENT:
JON O. NEWMAN,
ROSEMARY S. POOLER,
DEBRA ANN LIVINGSTON,
    *Circuit Judges.*

_____

OSCAR ANIBAL RAMOS-ORELLANA, AKA
OSCAR RAMOS,
    *Petitioner,*

    v.                                    10-5183-ag
                                          NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
    *Respondent.*

_____

FOR PETITIONER:          Jon E. Jessen, Stamford,
                         Connecticut.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Jamie M. Dowd, Senior
                         Litigation Counsel; Jeffery R.
                         Leist, Attorney, Office of

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Oscar Anibal Ramos-Orellana, a native and citizen of Guatemala, seeks review of a November 23, 2010, order of the BIA, affirming the June 15, 2009, decision of Immigration Judge ("IJ") Michael W. Straus, which denied his application for asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), and relief under the Nicaraguan Adjustment and Central American Relief Act of 1997 ("NACARA"). *In re Ramos-Orellana*, No. A070 953 368 (B.I.A. Nov. 23, 2010), *aff'g* No. A070 953 368 (Immig. Ct. Hartford June 15, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (internal quotation marks omitted). The applicable standards of review are well-established. *See* 8 U.S.C. §

1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

As an initial matter, Ramos-Orellana challenges only the agency's determination that he failed to show past persecution based on forced conscription into the army and that he would likely be persecuted or tortured if returned to Guatemala for his desertion from the army. The agency's determination that Ramos-Orellana failed to demonstrate that his forced conscription constitutes past persecution is supported by substantial evidence. *See Islami v. Gonzales*, 412 F.3d 391, 396-97 (2d Cir. 2005), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir. 2007); 8 U.S.C. § 1252(b)(4)(B). While we have held that forced military service (or punishment for draft evasion) may constitute persecution where: (1) "an individual's refusal to serve in the military leads to disproportionately excessive penalties, inflicted on him or her" on account of a protected ground; or (2) an individual "is fleeing to avoid punishment for refusing to join a military force condemned by the international community," *Islami*, 412 F.3d at 396 (internal quotation marks omitted), as the agency noted, Ramos-Orellana failed to present any evidence showing that he was asked to commit

3

human rights abuses against members of his own race, religion, nationality, or social or political group; that he objected to doing so; or that army leadership ever knew of any such objection. Moreover, in finding that Ramos-Orellana failed to establish that he would be singled out for excessive penalties as a result of his desertion, the agency reasonably relied on his testimony that he was not treated differently than his fellow soldiers while he served, as well as the fact that 75% of all conscripted soldiers deserted the Guatemalan Army during the same period. *See id.*

The agency also reasonably determined that Ramos-Orellana failed to show that it is more likely than not that he would be persecuted or tortured if returned to Guatemala due to his desertion from the army. *See* 8 U.S.C. § 1252(b)(4)(B). Although Ramos-Orellana argues that the agency improperly discredited his evidence of country conditions and placed excessive reliance on the U.S. State Department Country Reports on Human Rights Practices in Guatemala ("Country Reports"), the task of resolving conflicts in the record evidence lies "largely within the discretion of the agency." *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 171 (2d Cir. 2008). In evaluating

4

Ramos-Orellana's evidence of country conditions, the agency reasonably noted that the more recent Country Reports do not indicate that former army deserters are targeted for persecution or death. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 164 (2d Cir. 2006) (recognizing that "a report from the State Department is usually the best available source of information on country conditions") (internal quotation marks omitted).

Lastly, Ramos-Orellana's argument that the agency erred in failing to make an explicit credibility finding is without merit, as the agency assumed credibility and its decision does not hinge on Ramos-Orellana's credibility. *See Mendez v. Holder*, 566 F.3d 316, 318 (2d Cir. 2009).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5